**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cathleen Fleming, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cavalry Portfolio Services, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE OF ACTION**

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Cathleen Fleming ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Defendant placed a telephone call to Plaintiff before 8:00 A.M. and after 9:00 P.M., times of day that Defendant knew to be inconvenient to Plaintiff, including, but not limited to the following date(s) and time(s):

   July 9, 2010 @ 5:50 A.M..

12.     Defendant made initial communication with Plaintiff on or about June 14, 2010, and at such time did not provide Plaintiff with the disclosures required pursuant to 15 U.S.C. 1692g(a) *et seq.,* nor did Defendant provide Plaintiff with such in writing within five (5) days thereafter.  (15 U.S.C. § 1692g(a) et seq.).

13.     Defendant placed multiple telephone calls to Plaintiff, and in each such instance, terminated the call without having left Plaintiff a voicemail message indicating the identity of the individual caller or true corporate or business name.

14.     As such calls were placed, Defendant failed to reveal any information via caller ID that would also indicate the Defendant's true corporate or business name.  (15 U.S.C. §§ 1692d(6)).

15.     Defendant placed repeated telephone calls to Plaintiff, without providing Plaintiff information as to the amount, character and status of an alleged debt purportedly owed to Defendant, a misrepresentation that Plaintiff owed any amount(s) to Defendant. 15 U.S.C. § 1692 e(2)(A).

16.     Furthermore, in directing repeated communication toward Plaintiff without disclosing any information of use to Plaintiff, Defendant's intent in placing such calls was solely to abuse, annoy and/or harass  Plaintiff.  (15 U.S.C. §§ 1692d(5), 1692d(6)).

17. Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel and did so where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly (§ 1692c(a)(2).

18. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 24th day of August, 2010

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff